UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR B. PERKINS,

    Plaintiff,                               Case No. 18-13615
                                                 Honorable Victoria A. Roberts

v.

SAGINAW POLICE DEPARTMENT,

    Defendant.
_____/

## ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 6]

On November 19, 2018, Victor B. Perkins ("Perkins") filed this *pro se* action, alleging that the Saginaw Police Department falsely charged him with a drug crime in February 2010. Perkins is proceeding *in forma pauperis*.

When a plaintiff proceeds *in forma pauperis*, the Court has an obligation to screen the complaint and dismiss the case if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although the Court construes a *pro se* plaintiff's complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that "leniency . . . is not boundless," and "basic pleading standards" still must be satisfied. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Specifically, a *pro se* plaintiff's complaint still "must plead facts sufficient to

show a legal wrong has been committed from which plaintiff may be granted relief." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Perkins alleges that "the [Saginaw Police Department] falsely charged him of a drug crime while driving that caused a warrant to be issued against him that threatened his state of well being in which he suffered from paranoid schizophrenia and caused his driving privileges to be suspended on February 12, 2010."

Perkins' complaint is deficient in many ways. Among other things, the complaint lacks sufficient factual allegations to show a legal wrong has been committed for which Perkins could be granted relief. Most significantly, however, the complaint fails to identify or set forth any causes of action or legal claims. Construed liberally, the complaint falls far short of satisfying basic pleading standards.

Even if the Court goes beyond a liberal construction of the complaint and assumes that Perkins is attempting to allege a violation of his constitutional rights under 42 U.S.C. § 1983, the complaint still fails to state a claim on which relief could be granted.

"As an initial matter, [Saginaw Police Department] is not a proper party, as it is merely a creature of the City of Saginaw and is not a legal entity capable of being sued." *Webb v. Saginaw Police Dep't*, No. 12-12370, 2013 WL 6768609, at *11 (E.D. Mich. Dec. 19, 2013). By naming Saginaw Police Department, Perkins effectively named the City of Saginaw as a defendant. *See id.*; *Haverstick Enterprises, Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 992 (6th Cir. 1994) ("Under the law of Michigan, a municipal police department is a creature of the municipality. . . A suit against a city police

department in Michigan is one against the city itself, because the city is the real party in interest.").

A municipality may be liable under § 1983 if it maintained a policy or custom that caused a violation of a plaintiff's rights. *Harvey v. Campbell Cty., Tenn.*, 453 Fed. Appx. 557, 562 (6th Cir. 2011). However, "[a] plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (citation omitted). Perkins fails to satisfy these pleading requirements.

The complaint lacks an arguable basis in fact or law and fails to state a claim on which relief may be granted.

Accordingly, the Court **DISMISSES** this case under 28 U.S.C. § 1915(e)(2)(B).

Moreover, Perkins' baseless motion for summary judgment [ECF No. 6] is **DENIED**.

The Court **CERTIFIES** that any appeal of this order would be frivolous and would not be taken in good faith; thus, an appeal may not be taken *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 25, 2019